IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSAL UNLIMITED, LLC ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-01144-T |
| ) | |
| SOUTHERN AIRCRAFT SALES, et al., ) | |
| ) | |
| DEFENDANT. ) | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants, Southern Aircraft Sales and Sid Hall, by and through counsel and move this Honorable Court to dismiss the Plaintiff's Complaint, or in the alternative, order that the Plaintiff file a more definite statement. As grounds for said motion, Defendants state as follows:

1. Rule 9(b) Federal Rules of Civil Procedure states that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Additionally, Rule 9(f) Federal Rules of Civil Procedure states that, "For the purpose of testing the sufficiency of the pleading, averments of time and place are material and shall be considered like all other averments of a material matter." The case of *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-1381 (11th Cir. 1997) holds that under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged

fraud." 116 F.3d at 1380-1381; see also *Stevens v. East Alabama Health Care Auth.*, 2005 WL 3288735, ___ F. Supp. 2d ____, (M.D. Ala. December 5, 2005) (explaining that the "'plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specify the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them'") (quoting *United States ex rel. Clausen v. Lab. Corp. Of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002)), and *McAllister Towing & Transp. Co. v. Thorn's Diesel*, 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) (citing *Brooks*).

2. Plaintiff's Complaint attempts to state causes of action for fraud and suppression, breach of contract, breach of express and implied warranties, and negligence or wantonness arising out of the sale of an aircraft from Defendants to Plaintiff.

3. However, Plaintiff does not state in its Complaint the date the alleged misrepresentations were made, the date on which the aircraft was sold, the date on which the Plaintiff allegedly discovered the fraudulent nature of Defendants alleged misrepresentations nor the date on which Plaintiff allegedly discovered the alleged negligence or wantonness on behalf of Defendants.

4. Without these material matters being plead in Plaintiff's Complaint, Defendants cannot test the sufficiency of the Plaintiff's Complaint, nor can they properly evaluate whether the statute of limitations has expired as to some or all of the causes of action stated in Plaintiff's Complaint, nor can they apprize themselves of what other defenses they may have available to them.

WHEREFORE, Defendants move this Honorable Court to dismiss Plaintiff's Complaint,

or in the alternative, to require Plaintiff to file a more definite statement addressing the issues discussed above.

Done this the 21ST day of April, 2006.

                          ADAMS, UMBACH, DAVIDSON & WHITE, LLP

                          /s/ Phillip E. Adams, Jr.
                          PHILLIP E. ADAMS, JR. (ASB-9946-D56P)

                          /s/ Matthew W. White
                          MATTHEW W. WHITE (ASB-6809-W83M)
                          Attorneys for Southern Aircraft Sales and Sid Hall
                          Post Office Box 2069
                          Opelika, AL 36803-2069
                          334-745-6466

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing documents has been served upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790


by placing same in the U. S. mail, first class, postage prepaid, and properly addressed, on this the 21st day of April, 2006.


                 _____
                 OF COUNSEL