IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSALunlimited, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 3:05-cv-01144-WKW-SRW |
| SOUTHERN AIRCRAFT SALES, SIXTEEN JULIETTE, INC. d/b/a DAWSON AVIATION, and SID HALL, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff, LOSALunlimited, LLC ("LOSAL") responds to the "Motion to Dismiss, or in the the Alternative, Motion for More Definite Statement" filed by Defendants, Southern Aircraft Sales and Sid Hall as follows:

In their motion, Defendants claim that the allegations of fraud and suppression in the Plaintiff's Complaint are not sufficient to satisfy Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "the circumstances constituting fraud…be stated with particularity." When the allegations of the Plaintiff's Complaint are considered, however, it is readily apparent that the allegations of fraud and suppression are sufficient to comply with Rule 9(b). "The purposes of the particularity requirement are to provide detailed notice of a fraud claim to a defending party, to protect a defending party's reputation from harm, to minimize strike suits, and to prevent a claimant from first filing a civil claim for relief and then searching for a valid claim after the action has been commenced." Moores Manual: Federal Practice and Procedure; § 9.11 [2](b)(i). The allegations

of the Plaintiff's Complaint and First Amended Complaint, as they relate to fraud and suppression, are the same:

### GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS

* * *

3. Defendants advertised for sale on the Internet the Beech C-23 Sundowner Aircraft (N9185S) made the basis of this lawsuit ("the aircraft").

4. Plaintiff saw this advertisement and made contact with Defendants by telephone. **During these telephone conversations, Defendants represented to Plaintiff that the aircraft was airworthy, had just received a complete engine overhaul, and had been subjected to and passed a recent annual inspection.**

5. **In reliance upon the aforesaid representations made by the Defendants, Plaintiff purchased the aircraft,** which Defendants delivered to Plaintiff at Auburn, Alabama and at which location Plaintiff paid the Defendants $58,000.

6. After taking possession of the aircraft, Plaintiff learned that the engine case was cracked and unrepairable, and that various essential internal engine parts were rusted, worn, and otherwise deteriorated. Plaintiff further learned that the tail section of the aircraft had been replaced following a crash and that numerous components of the airframe were badly corroded. Plaintiff further learned that the aircraft was not airworthy as a consequence of the aforesaid conditions.

### FRAUD AND SUPPRESSION

7. **Defendants innocently, negligently, or intentionally misrepresented to Plaintiff that the aircraft was airworthy, had a recent complete engine overhaul, had successfully passed a recent annual inspection, and was otherwise in excellent condition.**

8. Defendants were aware that the aircraft was not airworthy, had previously-repaired crash damage, had extensive airframe corrosion, had not been subjected to an appropriate annual inspection, and had not had a newly overhauled engine installed. Defendants suppressed

    this information from Plaintiff.  Defendants owed Plaintiff a legal duty to disclose this information, this information was material to Plaintiff, and **Plaintiff acted to its detriment as a result of this suppression by purchasing the aircraft.  Plaintiff was proximately damaged by the aforesaid suppressions of material fact because the aircraft purchased was worth substantially less than the purchase price paid by Plaintiff to Defendant and because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid suppressions of material fact.  Furthermore, the lives of Plaintiff's principals and their families were placed at risk as a result of the aforesaid suppressions of material fact when they operated and/or occupied as passengers the aforesaid aircraft not knowing that the aircraft was not airworthy and was unsafe.**

  9.  The aforesaid misrepresentations made by the Defendants concerned material facts and were relied upon by Plaintiff.  Plaintiff incurred damage as a proximate result of its reliance upon the aforesaid misrepresentations because the aircraft was worth substantially less than the purchase price paid by Plaintiff to Defendants because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid misrepresentations, and because the lives of Plaintiff's principals and their families were placed at risk when they operated and/or traveled as passengers in the aforesaid aircraft not knowing of the fact that the aircraft was not airworthy and was unsafe. [Emphasis supplied]

  These allegations are more than sufficient to adequately apprise the Defendants about the nature of the fraud and suppression made the basis of the Complaint, and to allow the Defendants to defend those claims.  Clearly, the allegations contain a recitation of the exact misrepresentations made by the Defendants and the matters suppressed by them from the Plaintiff.  These misrepresented and suppressed matters, as is clear from the Complaint, arose in the context of communications between the Plaintiff and Defendants concerning a single transaction, i.e., the purchase of a specifically-identified aircraft.  The Plaintiff's Complaint further states exactly the damage caused by the alleged misrepresentations, i.e., that they purchased an aircraft which was not airworthy and was in fact dangerous, and that they would not have purchased the aircraft had they

known the truth about its condition. As is also clear from the Complaint, the Defendants profitted from their misrepresentations and suppression by selling to the Plaintiff an aircraft which did not conform to the description they provided, and which Plaintiff would not have purchased had it known the true condition of that aircraft.

In an opinion cited by Defendants in their Motion, Brooks v. Blue Cross & Blue Shield, 116 F. 3d 1364, 1370, 1371 (11th Cir. 1997), the United States Court of Appeals for the Eleventh Circuit observed as follows:

> …Rule…[9(b)]… "serves an important purpose in fraud actions by alerting Defendants to the "precise conduct with which they are charged' and protecting Defendants 'against spurious charges of immoral and fraudulent behavior.'"…Further, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a Plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief.… "The application of [Rule 9(b)] must not abrogate the concept of notice pleading." [citiations omitted]

The Eleventh Circuit further noted in Brooks v. Blue Cross & Blue Shield, supra., that notwithstanding the four criteria recognized by that Court as implicit in the requirements of Rule 9(b), (and quoted by Defendants in their Motion to this Court), that "alternative means are also available to satisfy the Rule." Citing, Durham v. Business Management Associates, 847 F. 2d 1505, 1512 (11th Cir. 1988).

Moreover, as this Court has recognized in Peters v. Amoco Oil Co., 57 F. Supp. 2d 1268, 1280 (M.D. Ala. 1999), a relaxed application of Rule 9(b) is warranted if the Defendants control the information necessary to provide a more detailed recitation of fraud. In this case, the only document which Plaintiff possesses which was prepared on or before the date it purchased the aircraft, is a poor quality copy of the front of a document made Exhibit "**1**" to this Response. That document is apparently a pre-printed form of Defendant Southern Aircraft Sales. Defendants have, or should

have, a complete copy of this document and perhaps other documents relating to this transaction and/or to the aircraft made the basis of that transaction. Plaintiff is not attempting to use the notice pleading doctrine embodied in the Federal Rules of Civil Procedure as a way to maintain meritless claims, or to prevent the Defendants from being apprised of the specific misconduct upon which Plaintiff's claims are based. Simply put, Defendant Sid Hall, and his corporations acting through him, misrepresented and suppressed the condition of a specifically-identified aircraft which the Plaintiff purchased in reliance upon the Defendants' misconduct.[1] Although the principals of the Plaintiff cannot presently recall the precise dates upon which the misrepresentations were made, the misrepresentations and suppression would obviously have occurred within the brief period of time prior to the date of the sale made the basis of this lawsuit, i.e., July 29, 2002. As the correspondence dated May 26, 2004 made Exhibit "**2**" to this Response indicates, the Defendants' misrepresentations and suppression were not detected by the Plaintiff until some time in mid-2004, less than two years before this lawsuit was filed.

For these reasons, Defendants' Motion to Dismiss, or in the Alternative, Motion for More Definite Statement should be denied or Plaintiff allowed to amend its fraud and suppression allegations after Defendants' have made their initial disclosures, responded to the Plaintiff's interrogatories and request for production, and tendered for deposition their representatives.

---

[1] It also appears that the Airframe and Powerplant technician employed by the Defendants suppressed and/or misrepresented the condition of the aircraft by certifying it as airworthy.

    Respectfully submitted,

    **s/Wm. Dudley Motlow, Jr.**
    William Dudley Motlow, Jr., Esquire
    Bar Number: ASB-1563-L59W
    Attorney for Plaintiff LOSALunlimited, LLC
    PORTERFIELD, HARPER, MILLS
        & MOTLOW, P.A.
    P.O. Box 530790
    Birmingham, Alabama 35253-0790
    Telephone: (205)980-5000
    Fax: (205) 980-5001
    E-mail: phm@phm-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LOSALunlimited, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-01144-WKW-SRW |
| ) | |
| **SOUTHERN AIRCRAFT SALES,** ) | |
| **SIXTEEN JULIETTE, INC. d/b/a DAWSON** ) | |
| **AVIATION, and SID HALL,** ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I do hereby certify that on May 11, 2006, I electronically served the foregoing on the following counsel of record: **Phillip E. Adams, Jr. and Matthew W. White, Esquire.**

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **Sixteen Juliette, Inc. d/b/a Dawson Aviation, 2678 Albany Hwy., Dawson Airport, Dawson, Georgia 31742**.

Respectfully submitted,

**s/Wm. Dudley Motlow, Jr.**
William Dudley Motlow, Jr., Esquire
Bar Number: ASB-1563-L59W
Attorney for Plaintiff LOSALunlimited, LLC
PORTERFIELD, HARPER, MILLS
 & MOTLOW, P.A.
P.O. Box 530790
Birmingham, Alabama 35253-0790
Telephone: (205)980-5000
Fax: (205) 980-5001
E-mail: phm@phm-law.com