IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSAL UNLIMITED, LLC ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-01144-WKW-SRW |
| ) | |
| SOUTHERN AIRCRAFT SALES, et al.,) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS', SOUTHERN AIRCRAFT SALES AND SID HALL'S, REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants, Southern Aircraft Sales and Sid Hall, by and through counsel, and in reply to Plaintiff's Response to Defendants' Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, state as follows:

Plaintiffs response to Defendants' motion is entirely inadequate and is simply dismissive of Defendants' motion. The underlying rationale behind Defendants' motion is the fact that Plaintiff's Complaint is totally devoid of any dates - no dates as to when the alleged transaction took place, no dates as to when the alleged misrepresentations took place, and no dates as to when the Plaintiff allegedly discovered the alleged fraud and misrepresentations on behalf of these Defendants. Simply no dates. Without dates, these Defendants are unable to test the sufficiency of Plaintiff's Complaint and are unable to apprize themselves of what defenses they may have available to them. Plaintiff's response brief does very little to address the issues

1

raised in Defendants' motion.

I. **The Statute of Limitations Has Expired as to Plaintiff's Allegations of Fraud and Negligence/Wantoness.**

Although Plaintiff spends much of its response brief reiterating and attempting to defend its Complaint, it finally attaches as Exhibit "1" to its brief a copy of the "Aircraft Purchase Order," which clearly shows a purchase date of July 29, 2002.[1] Plaintiff goes on to state in its brief that, "Although the principals of the Plaintiff cannot presently recall the precise dates on which the misrepresentations were made, the misrepresentations and suppression would obviously have occurred within the brief period *prior to the date of the sale made the basis of this lawsuit*, i.e., July 29, 2002." *Response brief at p.5 (emphasis added)*. This is precisely the type of information that is required, but is lacking, in Plaintiff's Complaint. This information is vital to these Defendants because, based on this information, the statute of limitations as to Plaintiff's allegations of Fraud and Negligence/Wantoness has expired. See , Ala. Code § 6-2-38(1) (1993) ("All actions for injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *see also Foremost Ins. Co. v. Parham*, 693 So.2d 409, 417 (Ala.1997) (Under Alabama law, "[c]laims of fraudulent misrepresentation and suppression are subject to a two-year statute of limitations."). Thus, based on this single tidbit of information provided by

---

[1] Plaintiff's Complaint was filed on December 2, 2005, more than two years after the date of this transaction.

2

Plaintiff *in its response brief*, and which is lacking in its Complaint, these Defendants now know that the statute of limitations as to those claims began to run *sometime prior to July 29, 2002,* and expired prior to the Plaintiff filing its Complaint on December 2, 2005.  Therefore, absent some savings clause, which Plaintiff has not plead in its Complaint, Plaintiff's allegations of fraud and negligence/wantonness are due to be dismissed as being barred by the statute of limitations.

**II.     Plaintiff's Complaint Is Due to Be Dismissed Where Plaintiff Has Failed to Plead a Tolling of the Statute of Limitations.**

A Plaintiff must plead facts, in the complaint, sufficient to warrant a tolling of the statute of limitations.  As stated in *Smith v. National Sec. Ins. Co.*, 860 So.2d 343, 345 (Ala. 2003), "[A] complaint must contain the time and circumstances of discovery of the alleged fraud to toll the running of the limitations period and thereby entitle a plaintiff to relief from the bar of the limitations period. *Id.* (citing *Angell v. Shannon,* 455 So.2d 823 (Ala.1984)).  § 6-2-3, *Ala.Code,*1975, states that "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." *Id.*  See also, *Durham v. Business Management Associates,* 847 F.2d 1505, 1508 (11th Cir.1988) ("In fraud actions Alabama Code section 6-2-3 tolls the limitations period  until the "fraud is readily discoverable or the potential plaintiff is on notice that a fraud may have been

perpetrated."); *Ramp Operations, Inc. v. Reliance Ins. Co.,* 805 F.2d 1552, 1554-55 (11th Cir.1986), quoting *Papastefan v. B & L Constr. Co.,* 385 So.2d 966, 967 (Ala.1980) ("Like the federal due diligence standard, Alabama law provides that the "fraud is 'deemed to have been discovered ⋯ at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud.' "); *Papastefan v. B & L Const. Co., Inc. of Mobile,* 385 So.2d 966, 967 (Ala., 1980) (" The "fact constituting the fraud" is deemed to have been discovered when it ought to have been discovered; that is, at the time of the discovery of facts which would provoke inquiry by a person of ordinary prudence and which, if followed up, would have led to the discovery of the fraud.").

     As stated previously, Plaintiff's Complaint contains ***no dates***, much less any dates which indicate when or under what circumstances the principals of the Plaintiff may have discovered or should have discovered the alleged fraudulent or negligent/wanton behavior of these Defendants.  Paragraph six of Plaintiff's Complaint makes a cryptic reference to, "After taking possession of the aircraft, Plaintiff learned" of various alleged problems with the aircraft, but, again, no dates are given. *See Complaint at para. 6.*  Plaintiff, ***in its response brief***, attaches as Exhibit "2" a letter dated May 26, 2004, from its principals to Defendant Sid Hall, and thereafter conclusively states in its brief that "the Defendant's misrepresentations and suppression were not detected by the Plaintiff until sometime in mid-2004. . ." *Plaintiff's brief at p. 5.*  Again, this information is not included in Plaintiff's Complaint, and even if it were, it would

still be insufficient. As stated above, Plaintiff must set forth, with particularity, the date, time and circumstances of the discovery of the alleged fraud in order to toll the statute of limitations. See, *Angell v. Shannon,* 455 So.2d 823, 823 (Ala.,1984). This the Plaintiff has not done.

### III. Plaintiff's Complaint Is Due to Be Dismissed Where Plaintiff Has Failed to Plead Specific Conduct as to Each Defendant.

This Court has interpreted Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud. *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.,*131 F.Supp.2d 1296, 1301 (M.D.Ala.,2001) (citing *Brooks,* 116 F.3d at 1381); *see also Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1493 (N.D.Ill.1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). There are three named Defendants in this case at present: (1) Southern Aircraft Sales, (2) Sid Hall, both of which are represented by the undersigned, and (3) Sixteen Juliette, Inc. d/b/a Dawson Aviation, which is not represented by the undersigned and which has not yet filed an appearance in this matter. Yet, Plaintiff's Complaint does not attribute any of the alleged fraudulent communications to any particular Defendant, but simply universally attributes all conduct to "Defendants." Along these lines, it is interesting to point out that footnote 1 of *Plaintiff's response brief* states, " It also appears that the Airframe and Powerplant technician employed by

5

Defendants suppressed and/or misrepresented the condition of the aircraft by certifying it as airworthy." Question: Is this a reference to Sixteen Juliette, or some other as yet unnamed defendant? When did this alleged misrepresentation take place? Who communicated this alleged misrepresentation to whom? When did Plaintiff allegedly discover the alleged fraudulent nature of this communication, and under what circumstances did that discovery take place? This type of information is precisely what is lacking from Plaintiff's Complaint and is precisely why Plaintiff's Complaint is due to be dismissed or a more definite statement required.

### IV.   Plaintiff's Request to Proceed with Discovery Should Be Denied.

Finally, Plaintiff argues in its final paragraph of its brief that it should be "allowed to amend its fraud and suppression allegations after Defendants have made their initial disclosures, responded to the Plaintiff's Interrogatories and Request for Production, and tendered for deposition their representatives." These Defendants know of no provision of law that would require these Defendants to proceed with discovery and the litigation of this case where the Plaintiffs have put forth an entirely inadequate Complaint - where the Plaintiff has cited no dates in their Complaint, where it appears that the statute of limitations has expired as to some or all of the Plaintiff's allegations against these Defendants, and where Plaintiff has failed to plead any facts necessary to toll the statute of limitations in this case. To grant the Plaintiff's request would be to turn the Federal Civil Rules of Procedure on their head. Such an attempt to negotiate with the Court in this regard is outrageous and should be denied outright.

BASED UPON THE FOREGOING, Defendants Southern Aircraft Sales and Sid Hall move this Honorable Court to dismiss Plaintiff's Complaint, or in the alternative, to require Plaintiff to file a more definite statement addressing the issues discussed herein.

Done this the 18th day of May, 2006.

                    ADAMS, UMBACH, DAVIDSON & WHITE, LLP


                    /s/ Phillip E. Adams, Jr.
                    PHILLIP E. ADAMS, JR. (ASB-9946-D56P)


                    /s/ Matthew W. White
                    MATTHEW W. WHITE (ASB-6809-W83M)
                    Attorneys for Southern Aircraft Sales and Sid Hall
                    Post Office Box 2069
                    Opelika, AL 36803-2069
                    334-745-6466

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents has been served upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

by placing same in the U. S. mail, first class, postage prepaid, and properly addressed, on this the 21st day of April, 2006.

　　　　　　　　　　　　　　　　　　　　　　_/s/ MATTHEW W. WHITE__
　　　　　　　　　　　　　　　　　　　　　　OF COUNSEL