**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **LOSAL UNLIMITED, LLC** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:3:05-cv-01144-WKW-SRW** |
| | ) | |
| **SOUTHERN AIRCRAFT SALES, et al.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**DEFENDANTS SOUTHERN AIRCRAFT SALES AND SID HALL'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT,
OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Defendants Southern Aircraft Sales and Sid Hall, by and through counsel, and move this Honorable Court to dismiss Plaintiff's Second Amended Complaint, or in the alternative, require Plaintiff to file a more definite statement regarding its allegations of fraud and suppression.  As grounds for said motion, Defendants state as follows:

**I.    Plaintiff Has Failed to Aver Sufficient Facts to Invoke the "Savings Clause" for Fraud.**

While Plaintiff's Second Amended Complaint contains somewhat more information than Plaintiff's First Amended Complaint, it is still entirely inadequate under the Federal rules of civil procedure and Alabama law with regard to Plaintiff's allegations of fraud and suppression.  Unlike Plaintiff's First Amended Complaint, it is now clear from the face of Plaintiff's Second Amended Complaint that the statute of limitations has expired as to Plaintiff's allegations of fraud and suppression.  The statute of limitations for fraud and suppression in Alabama is two years.  *Ala. Code* § 6-2-38(l). Paragraph 4 of Plaintiff's Second Amended Complaint indicates

1

that the alleged misrepresentations were made "within approximately 90 days prior to the date

the Plaintiff agreed to purchase the aircraft, which occurred in July or August 2002." Plaintiff

filed his original Complaint in this matter on December 2, 2005. Thus, the two year statute of

limitations has clearly expired.

Plaintiff apparently attempts to invoke the savings clause in Paragraph 6 of Plaintiff's

Second Amended Complaint, which states as follows:

> After taking possession of the aircraft, Plaintiff learned that the engine case was
> cracked and un-repairable, and that various essential engine parts were rusted,
> warn and otherwise deteriorated. This discovery was first made in approximately
> April 2004. Plaintiff further learned that the tail section of the aircraft had been
> replaced following a crash and that numerous components in the air frame were
> badly corroded. This discovery was first made in approximately July 2005.
> Plaintiff further learned at approximately that same time that the aircraft was not
> airworthy as a consequence of the aforesaid conditions.

Plaintiff in no way attempts to explain the circumstances under which these alleged defects were

discovered, why the alleged defects were not discovered until two to three years after the

purchase of the subject aircraft, or what prevented Plaintiff from discovering the alleged defects

during that two to three year time period. This is especially curious given that, in paragraph 20

of Plaintiff's Second Amended Complaint, Plaintiff seeks damages on the basis that the lives of

Plaintiff's principals and families were allegedly placed in peril while traveling upon said aircraft

during that same two to three year time period, and where Federal Aviation Administration law

requires rigorous annual and pre-flight inspections.

More troublesome legally, is that the Plaintiff alleges no facts to support a contention that

these Defendants allegedly concealed the allegedly fraudulent nature of their alleged

representations. The savings clause of Section 6-2-3, Code of Alabama, 1975, is available only

when the Plaintiff's discovery of the alleged fraud is inhibited by the Defendant's fraudulent concealment. *Smith v. National Security Insurance Company* 860 So. 2d. 343 (Ala. 2003), see also *Miller v. Mobile County Bd. of Health*, 409 So.2d 420 (Ala. 1981). In *Smith*, the Plaintiff alleged insurance fraud. The Complaint was filed four years after the alleged fraud took place. The Plaintiff claimed tolling was appropriate because the fraud was "of a continuing nature" and because she did not begin investigating until the period had lapsed, when she "first heard in her community that there may [have been] something wrong with her insurance policy." The Alabama Supreme Court held that tolling was not sufficiently pled because "[Plaintiff's] Complaint 'fails to allege any of the facts or circumstances by which the appellee's concealed the cause of action or injury' and 'fails to allege what prevented [Smith] from discovery facts surrounding the [fraud].'" *Smith,* 346 - 347. The Eleventh Circuit, in discussing the *Smith* case, stated that, "[t]he implication of the Alabama Supreme Court's language is clear: because the Plaintiff did not plead fraudulent concealment, she may not invoke Ala. Code Section 6-2-3 in a fraud case." *Henderson v. Washington Nat'l Ins. Co.* 454 F. 3d 1278 (11th Cir. 2006). In *Henderson*, the 11th Circuit stated that, the "Alabama court rules, like the Federal Rules of Civil Procedure, require that fraud be averred with particularity. See Ala. R. Civ. P. 9(b). In the context of Ala. Code Section 6-2-3, Rule 9(b) requires that a plaintiff aver the circumstances and events constituting the fraudulent concealment." *Henderson*, 1284-85, citing *Mixon v. Cason*, 622 So. 2d. 918, 920 (Ala. 1993).

When held to the light of *Smith* and *Henderson*, the Plaintiff's Second Amended Complaint is entirely inadequate. The Complaint does not allege the circumstances under which the Plaintiff allegedly first discovered the alleged problems with the aircraft, nor does it allege

3

that Defendants concealed the alleged fraud. The Complaint simply makes conclusory allegations of what problems were discovered and when they were discovered.  The Federal Rules of Civil Procedure and the case law cited herein clearly require more.

II.     **Plaintiff's Complaint Is Due to Be Dismissed Where Plaintiff Has Failed to Plead Specific Conduct as to Each Defendant.**

 As argued previously in these Defendant's motion to dismiss Plaintiff's First Amended Complaint, this Court has interpreted Rule 9(b), *F.R.C.P.*, as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud. *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.,* 131 F. Supp.2d 1296, 1301 (M.D. Ala. 2001) (citing *Brooks,* 116 F.3d at 1381); *see also Balabanos v. North Am. Inv. Group, Ltd.,* 708 F. Supp. 1488, 1493 (N.D. Ill. 1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant"). There are three named Defendants in this case at present: (1) Southern Aircraft Sales, (2) Sid Hall (both of which are represented by the undersigned) and (3) Sixteen Juliette, Inc. d/b/a Dawson Aviation, which is not represented by the undersigned and which has not yet filed an appearance in this matter.  Yet, Plaintiff's Complaint does not attribute any of the alleged fraudulent communications to any particular Defendant, but simply universally attributes all conduct to "Defendants."

Plaintiff's Second Amended Complaint leaves many unanswered questions:  Which of the alleged misrepresentations were made by Defendant Southern Aircraft Sales?  Which were

4

made by Defendant Hall?  Which were made by Sixteen Juliette?  These Defendants are entitled to know, **in the Complaint**, the allegations made against them, as opposed to some other Defendant.

### III.     Plaintiff's Allegations of Negligence or Wantonness Are Due to Be Dismissed Where There Is No Basis to Toll the Statute of Limitations

The statute of limitations for negligence and wantonness in the state of Alabama is two years. *Ala. Code* § 6-2-38(l).  As stated previously, two years has clearly elapsed since the time the aircraft was sold to Plaintiff.  Further, the Plaintiffs have put forward no rational for extending the statute of limitations as to the claims of negligence and wantonness against these Defendants.  Therefore, the claims of negligence and wantonness are due to be dismissed with prejudice.

Respectfully submitted this the 5th day of June, 2007.


ADAMS, UMBACH, DAVIDSON & WHITE, LLP



/s/ Phillip E. Adams, Jr.
PHILLIP E. ADAMS, JR. (ASB-9946-D56P)



/s/ Matthew W. White
MATTHEW W. WHITE (ASB-6809-W83M)
Attorneys for Southern Aircraft Sales and Sid Hall
Post Office Box 2069
Opelika, AL 36803-2069
334-745-6466

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing documents has been served upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

       Done this the 5th day of June, 2007.


          /s/ MATTHEW W. WHITE
         OF COUNSEL

6