IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LOSAL unlimited, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-01144-WKW-SRW |
| ) | |
| **SOUTHERN AIRCRAFT SALES,** ) | |
| **SIXTEEN JULIETTE, INC. d/b/a DAWSON**) | |
| **AVIATION, and SID HALL,** ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND RESPONSE TO DEFENDANTS SOUTHERN AIRCRAFT SALES AND SID HALL'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Plaintiff, LOSALunlimited, LLC ("LOSAL"), responds to Defendants Southern Aircraft Sales ("Southern Aircraft") and Sid Hall ("Hall")'s Motion to Dismiss Plaintiff's Second Amended Complaint or in the Alternative, Motion for More Definite Statement (the "Second Motion"), and move for leave to amend its Complaint as follows:

In their first Motion to Dismiss or in the Alternative Motion for More Definite Statement (the "First Motion"), Hall and Southern Aircraft contended that the fraud and suppression claims in LOSAL's Complaint were insufficiently pled because "Plaintiff does not state in its Complaint the dates the alleged misrepresentations were made, the date on which the aircraft was sold, the date on which the Plaintiff allegedly discovered the fraudulent nature of Defendants' alleged misrepresentations…[and/or] the date on which Plaintiff allegedly discovered the alleged negligence or wantonness on behalf of Defendants." See, First Motion, p. 2.

Later, in a reply to Plaintiff's Response to the First Motion, Hall and Southern Aircraft stated that "[t]he underlying rationale behind Defendants' Motion is the fact that Plaintiff's Complaint is totally devoid of any dates - no dates as to when the alleged transaction took place, no dates as to when the alleged misrepresentations took place, and no dates as to when the Plaintiff allegedly discovered the alleged fraud and misrepresentation on behalf of these Defendants. Simply no dates." ("Defendants, Southern Aircraft Sales and Sid Hall's Reply to Plaintiff's Response to Defendants' Motion to Dismiss, or in the Alternative Motion for More Definite Statement, p. 1). Hall and Southern Aircraft also argued in their Reply that the Plaintiff was required to plead facts "sufficient to warrant a tolling of the statute of limitations." (Reply at p. 3).

After consideration of the First Motion of Hall and Southern Aircraft, the Plaintiff's response to that Motion, and the reply to that response, this Court entered an order on May 2, 2007 denying the Motion to Dismiss and granting the Motion for Definite Statement, specifically stating as follows:

> The Plaintiff is hereby granted leave to file a Second Amended Complaint specifying the date of sale of the aircraft, the date or dates of discovery of the alleged fraudulent misrepresentations, and the approximate dates, if exact dates are not known, of the alleged misrepresentations. The Second Amended Complaint shall be filed on or before May 16, 2007 and shall not adopt prior pleadings by reference.

On May 16, 2007, Plaintiff filed a Second Amended Complaint which complied with this Court's May 2, 2007 Order. Hall and Southern Aircraft then filed their Second Motion on June 5, 2007 asserting, as they had in their First Motion, that Plaintiff should be required to plead specific facts which would support the contention that the Defendants fraudulently concealed their alleged representations. Hall and Southern Aircraft Sales also complained that the Second Amended Complaint did not specifically identify the individual Defendants who or which had made each fraudulent statement to the Plaintiff. Finally, Hall and Southern Aircraft claimed that the negligence

2

and wantonness claims in the Complaint were time-barred because the Complaint was filed more than two years after the sale of the aircraft to Plaintiff.

Plaintiff does not believe that Hall and Southern Aircraft's Second Motion is well taken and should be denied, and would like to reserve the right to file a further response to that Second Motion should this Court deem it appropriate. However, Plaintiff would like to move this lawsuit forward and put an end to the arguments about pleading technicalities[1]. Accordingly, Plaintiff seeks leave of Court to file the attached Third Amended Complaint which provides additional detail about the transactions made the basis of this lawsuit. These allegations address all of the arguments made by Hall and Southern Aircraft in their second Motion.

Good cause exists to allow filing of the Third Amended Complaint, as it is simply intended to make specific that which Hall and Southern Aircraft have contended was not specifically pled. No new theories are alleged. Moreover, allowance of the Third Amended Complaint will further the interests of substantial justice by allowing this lawsuit to proceed and be decided on its merits. Accordingly, the Plaintiff respectfully requests that this Court allow filing of the attached Third Amended Complaint.

---

[1] As the attached material indicates, Hall and Southern Aircraft Sales have rebuffed Plaintiff's attempts to convene a discovery planning meeting and proceed with discovery because of the pendency of their First Motion.

Respectfully submitted,

**s/Wm. Perry Webb**
William Perry Webb, Esquire
Bar Number: ASB-5552-B58W
Attorney for LOSALunlimited, LLC
PORTERFIELD, HARPER, MILLS
    & MOTLOW, P.A.
P.O. Box 530790
Birmingham, Alabama 35253-0790
Telephone: (205)980-5000
Fax: (205) 980-5001
E-mail: phm@phm-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **LOSAL unlimited, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CASE NO.: 3:05-cv-01144-WKW-SRW** |
| | ) |
| **SOUTHERN AIRCRAFT SALES,** | ) |
| **SIXTEEN JULIETTE, INC. d/b/a DAWSON** | ) |
| **AVIATION, and SID HALL,** | ) |
| | ) |
|     **Defendants.** | ) |

### CERTIFICATE OF SERVICE

    I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Southern Aircraft Sales
P. O. Box 3008
Albany, GA  31706

Mr. Sid Hall
P. O. Box 3008
Albany, GA  31706

Sixteen Juliette, Inc. d/b/a Dawson Aviation
2678 Albany Hwy.
Dawson Airport
Dawson, GA  31742

                                                  Respectfully submitted,

                                                  **s/Wm. Perry Webb**
                                                  William Perry Webb, Esquire
                                                  Bar Number:  ASB-5552-B58W
                                                  Attorney for  LOSALunlimited, LLC
                                                  PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
                                                  P.O. Box 530790
                                                  Birmingham, Alabama  35253-0790
                                                  Telephone:    (205)980-5000
                                                  Fax:             (205) 980-5001
                                                  E-mail:         phm@phm-law.com