**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LOSAL unlimited, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 3:05-cv-01144-WKW-SRW** |
| | ) | |
| **SOUTHERN AIRCRAFT SALES,** | ) | |
| **SIXTEEN JULIETTE, INC. d/b/a DAWSON** | ) | |
| **AVIATION, and SID HALL,** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | ) | |

**THIRD AMENDED COMPLAINT**

COMES NOW the Plaintiff, LOSAL unlimited, LLC ("LOSAL"), by and through counsel, and hereby sets forth its Third Amended Complaint against Defendants Southern Aircraft Sales ("Southern"), Sixteen Juliette, Inc. d/b/a Dawson Aviation ("16J) and Sid Hall ("Hall") (collectively, "Defendants") as follows:

**GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS**

1.      Plaintiff and Defendants are citizens of different states. Plaintiff has its principal place of business in the State of Alabama. Defendants Southern and 16J have their principal places of business in the State of Georgia, and Defendant Hall is an individual resident citizen of the State of Georgia.

2.      The amount in controversy in this lawsuit exceeds $75,000 plus costs.

3.      Defendants advertised for sale on the Internet the Beech C-23 Sundowner Aircraft (N9185S) made the basis of this lawsuit ("the aircraft").

4.      Plaintiff saw this advertisement and made contact with Defendants Sid Hall and

Southern Aircraft Sales by telephone. During these telephone conversations, Defendants Sid Hall and Southern Aircraft Sales represented to Plaintiff that the aircraft was airworthy, had just received a complete engine overhaul, and had been subjected to and passed a recent annual inspection. Defendant 16J also made these same representations to Plaintiff. These representations were made within approximately 90 days prior to the date the Plaintiff agreed to purchase the aircraft, which occurred in July or August, 2002.

5.      In reliance upon the aforesaid representations made by the Defendants, Plaintiff purchased the aircraft, which Defendants delivered to Plaintiff at Auburn, Alabama and at which location Plaintiff paid the Defendants Sid Hall and Southern Aircraft Sales $58,000. This purchase would have been finalized approximately 30-60 days after Plaintiff agreed to purchase the aircraft, which occurred in July or August, 2002.

6.      After taking possession of the aircraft, Plaintiff learned that the engine case was cracked and unrepairable, and that various essential internal engine parts were rusted, worn, and otherwise deteriorated. This discovery was first made in approximately April, 2004, by an aircraft technician in the course of performing a repair of an oil leak. Plaintiff further learned that the tail section of the aircraft had been replaced following a crash and that numerous components of the airframe were badly corroded. This discovery was first made in approximately July, 2005, in connection with the purchase and anticipated installation of a rebuilt engine required as a result of the condition of the engine in the plane at the time it was purchased. Plaintiff further learned at approximately that same time that the aircraft was not airworthy as a consequence of the aforesaid conditions. These facts about the engine and aircraft were not discovered until April, 2004 and July, 2005, respectively, because Defendant 16J improperly performed, and/or falsely claimed to have

2

performed an annual inspection of the aircraft after which it certified the aircraft as airworthy as of September 18, 2003. This false inspection report was issued by Defendant 16J acting in concert with and/or at the direction of Defendants Sid Hall and Southern Aircraft Sales. This aircraft was the first aircraft purchased by Plaintiff, and Plaintiff's principals did not have the technical expertise to independently assess the mechanical condition of the aircraft.

## FRAUD AND SUPPRESSION

7.      Each of the Defendants innocently, negligently, or intentionally misrepresented to Plaintiff that the aircraft was airworthy, had a recent complete engine overhaul, had successfully passed a recent annual inspection, and was otherwise in excellent condition. Furthermore, acting in concert, all of the Defendants fraudulently concealed the true facts about the aircraft's condition by providing the Plaintiff with a false annual inspection report dated September 23, 2003.

8.      Defendants were aware that the aircraft was not airworthy, had previously-repaired crash damage, had extensive airframe corrosion, had not been subjected to an appropriate annual inspection, and had not had a newly overhauled engine installed. Defendants suppressed this information from Plaintiff. Defendants owed Plaintiff a legal duty to disclose this information, this information was material to Plaintiff, and Plaintiff acted to its detriment as a result of this suppression by purchasing the aircraft. Plaintiff was proximately damaged by the aforesaid suppressions of material fact because the aircraft purchased was worth substantially less than the purchase price paid by Plaintiff to Defendant and because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid suppressions of material fact. Furthermore, the lives of Plaintiff's principals and their families were placed at risk as a result of the aforesaid suppressions of material fact when they operated and/or occupied as passengers the aforesaid aircraft not knowing that the

3

aircraft was not airworthy and was unsafe.

9.      The aforesaid misrepresentations made by the Defendants concerned material facts and were relied upon by Plaintiff.  Plaintiff incurred damage as a proximate result of its reliance upon the aforesaid misrepresentations because the aircraft was worth substantially less than the purchase price paid by Plaintiff to Defendants because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid misrepresentations, and because the lives of Plaintiff's principals and their families were placed at risk when they operated and/or traveled as passengers in the aforesaid aircraft not knowing of the fact that the aircraft was not airworthy and was unsafe.

## BREACH OF CONTRACT

10.     Defendants entered into a contract with Plaintiff pursuant to which the Defendants agreed to sell the aforesaid aircraft to Plaintiff and further specifically agreed with Plaintiff that the aforesaid aircraft was airworthy, had recently received a complete engine overhaul, had been subjected to and passed a recent annual inspection, and was otherwise in excellent condition.

11.     Defendants breached the aforesaid contract by selling to Plaintiff an aircraft which did not conform to the description provided by Defendants.

12.     Plaintiff was proximately damaged as a result of Defendants' breach of this contract.

13.     Defendants entered into a contract pursuant to which the Defendants and/or others agreed to perform an annual inspection and/or complete engine overhaul on the aforesaid aircraft. Plaintiff was a direct intended beneficiary of this contract.

14.     Defendants breached the aforesaid contract, proximately causing damage to Plaintiff as a direct intended third-party beneficiary of that contract.

4

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

15.    Defendants expressly warranted that the aircraft was airworthy, had recently received a complete engine overhaul, had been subjected to and passed a recent annual inspection, and was otherwise in excellent condition.

16.    Defendants breached the aforesaid express warranties, proximately resulting in damage to Plaintiff.

17.    Warranties of merchantability and fitness for a particular purpose were implied terms of the purchase agreement between Defendants and Plaintiffs.

18.    The aircraft did not conform to the aforesaid implied warranties, proximately resulting in damage to Plaintiff.

## NEGLIGENCE OR WANTONNESS

19.    Defendants negligently or wantonly sold the aircraft to Plaintiff in an unsafe and unreasonably dangerous condition. Defendants undertook a duty to perform an inspection on the aforesaid aircraft and negligently or wantonly failed to conduct a proper inspection and to advise Plaintiff of the result of that inspection. Specifically, Defendant 16J, acting in concert with and/or under the direction of, Defendants Sid Hall and Southern Aircraft Sales, performed, or undertook to perform and failed to properly perform, an annual inspection on the aircraft pursuant to which Defendant 16J certified that as on September 23, 2003 the aircraft was airworthy when in fact it was not. Defendants negligently or wantonly failed to confirm the accuracy of the information relayed to Plaintiff about the condition of the aircraft prior to sale. As a proximate result of this negligence or wantonness, the engine block of the aircraft cracked sometime in April, 2004.

20.    As a proximate result of the aforesaid negligence or wantonness of Defendants,

Plaintiff was damaged by purchasing an aircraft worth substantially less than the purchase price, by

incurring repair and inspection expenses which otherwise would not have been necessary, and by

risking the lives of Plaintiff's prinicipals and the lives of their families by operating and/or traveling

as passengers in the aforesaid aircraft when that aircraft was not in a safe and airworthy condition.

### DEMAND FOR DAMAGES

21.    Plaintiff demands such compensatory and punitive damages of the Defendants as the

jury may assess.

### JURY DEMAND

22.    Plaintiff demands trial by struck jury.


Respectfully submitted,


**s/Wm.  Perry Webb**
William Perry Webb, Esquire
Bar Number:  ASB-5552-B58W
Attorney for LOSALunlimited, LLC
PORTERFIELD, HARPER, MILLS
        & MOTLOW, P.A.
P.O. Box 530790
Birmingham, Alabama  35253-0790
Telephone:    (205)980-5000
Fax:              (205) 980-5001
E-mail:         phm@phm-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **LOSAL unlimited, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.: 3:05-cv-01144-WKW-SRW** |
| ) | |
| **SOUTHERN AIRCRAFT SALES,** ) | |
| **SIXTEEN JULIETTE, INC. d/b/a DAWSON** ) | |
| **AVIATION, and SID HALL,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Southern Aircraft Sales
P. O. Box 3008
Albany, GA  31706

Mr. Sid Hall
P. O. Box 3008
Albany, GA  31706

Sixteen Juliette, Inc. d/b/a Dawson Aviation
2678 Albany Hwy.
Dawson Airport
Dawson, GA  31742

Respectfully submitted,

**s/Wm.  Perry Webb**
William Perry Webb, Esquire
Bar Number:  ASB-5552-B58W
Attorney for  LOSALunlimited, LLC
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
P.O. Box 530790
Birmingham, Alabama  35253-0790
Telephone:     (205)980-5000
Fax:             (205) 980-5001
E-mail:        phm@phm-law.com

7