**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| LOSAL UNLIMITED, LLC ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-01144-WKW-SRW |
| ) | |
| SOUTHERN AIRCRAFT SALES, et al., ) | |
| ) | |
| DEFENDANT. ) | |

**ANSWER OF SOUTHERN AIRCRAFT SALES AND SID HALL TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

COME NOW, Defendants, Southern Aircraft Sales and Sid Hall (hereinafter, "these Defendants"), by and through counsel, and hereby file their answer to Plaintiff's Third Amended Complaint.

**GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS**

1. These Defendants admit that they have their principal places of business in Georgia. All other material allegations of paragraph number 1 are denied.

2. Denied.

3. These Defendants currently have insufficient information to either admit or deny the allegations of paragraph number 3 of Plaintiff's Third Amended Complaint, thus, it is denied.

4. These Defendants deny all materials allegations of paragraph number 4 of Plaintiff's Third Amended Complaint.

5. These Defendants deny all materials allegations of paragraph number 5 of

1

Plaintiff's Third Amended Complaint.

6. These Defendants deny all materials allegations of paragraph number 6 of Plaintiff's Third Amended Complaint.

### FRAUD AND SUPPRESSION

7. These Defendants deny all materials allegations of paragraph number 7 of Plaintiff's Third Amended Complaint.

8. These Defendants deny all materials allegations of paragraph number 8 of Plaintiff's Third Amended Complaint.

9. These Defendants deny all materials allegations of paragraph number 9 of Plaintiff's Third Amended Complaint.

### BREACH OF CONTRACT

10. These Defendants deny all materials allegations of paragraph number 10 of Plaintiff's Third Amended Complaint.

11. These Defendants deny all materials allegations of paragraph number 11 of Plaintiff's Third Amended Complaint.

12. These Defendants deny all materials allegations of paragraph number 12 of Plaintiff's Third Amended Complaint.

13. These Defendants deny all materials allegations of paragraph number 13 of Plaintiff's Third Amended Complaint.

14. These Defendants deny all materials allegations of paragraph number 14 of Plaintiff's Third Amended Complaint.

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

15. These Defendants deny all materials allegations of paragraph number 15 of Plaintiff's Third Amended Complaint.

16. These Defendants deny all materials allegations of paragraph number 16 of Plaintiff's Third Amended Complaint.

17. These Defendants deny all materials allegations of paragraph number 17 of Plaintiff's Third Amended Complaint.

18. These Defendants deny all materials allegations of paragraph number 18 of Plaintiff's Third Amended Complaint.

## NEGLIGENCE OR WANTONNESS

19. These Defendants deny all materials allegations of paragraph number 19 of Plaintiff's Third Amended Complaint.

20. These Defendants deny all materials allegations of paragraph number 20 of Plaintiff's Third Amended Complaint.

## DEMAND FOR DAMAGES

21. These Defendants state the Plaintiff is entitled to neither compensatory nor punitive damages, nor damages or any sort against these Defendants.

## JURY DEMAND

22. No answer is required of these Defendants.

## AFFIRMATIVE DEFENSES

23. These Defendants affirmatively aver that Plaintiff's Third Amended Complaint fails to state a claim against these Defendants upon which relief can be granted.

24. These Defendants affirmatively aver that the applicable statute of limitations has expired as to many, if not all, of Plaintiff's allegations in its Third Amended Complaint.

25. These Defendants affirmatively deny all material allegations of Plaintiff's Third Amended Complaint and demand strict proof thereof.

26. These Defendants plead insufficiency of process.

27. These Defendants plead insufficiency of service of process.

28. These Defendants plead equitable estoppel.

29. These Defendants plead the doctrine of unclean hands.

30. These Defendants state that the aircraft at issue was sold "AS IS."

31. These Defendants affirmatively disavowed any express or implied warranties in conspicuous writing in the contract of sale.

32. These Defendants plead the doctrine of contributory negligence.

33. These Defendants plead the doctrine of assumption of the risk.

34. These Defendants plead the doctrine of caveat emptor.

**AFFIRMATIVE DEFENSES FOR PUNITIVE DAMAGES**

35. To award the Plaintiff punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution.

36. To award the Plaintiff punitive damages would violate the due process provisions of the Constitution of the State Of Alabama, including Article I, Section 6.

37. To award punitive damages would violate the excessive fines provisions of the Eighth Amendment to the United States Constitution, and of Article I, Section 15

of the Constitution of the State of Alabama.

38. To award punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Alabama.

39. The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment to the United States Constitution, in that the claim is vague and not rationally related to any legitimate government interest.

40. The Plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

41. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

42. Alabama's punitive damage laws, statutory and otherwise, are unconstitutionally vague and arbitrary.

43. To award punitive damages would violate the Commerce Clause of the United States Constitution.

44. To award punitive damages would have a chilling effect on the Defendants' right to open access to the courts of this State, in violation of the United States

Constitution and the Constitution of the State of Alabama.

45. The Plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the Plaintiff's claim for punitive damages is a claim that is penal in nature, thus entitling the Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

46. The Plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution, in that the damages claimed are penal in nature, while the Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination provided by the Fifth Amendment.

47. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama in that it violates Article I, Section 6, by claiming punitive damages which are penal in nature while the Defendant is compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

48. Because punitive damages are penal in nature, it would be unconstitutional to award punitive damages in a civil case in which the Plaintiff bears a burden of proof less than the burden of proof required in a criminal case.

49. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden

of proof on the Plaintiff which is less than the "beyond a reasonable doubt" standard required in criminal cases.

50. The Plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

51. To award the Plaintiff punitive damages against this Defendant would violate the Commerce Clause of the Constitution of the United States.

52. The Plaintiff's demand for punitive damages constitutes double jeopardy and violates the Alabama and United States Constitutions.

53. The imposition of punitive damages in this case would violate the United States Constitution and the Alabama Constitution, separately and severally, for each of the following reasons:

   a. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against this Defendant or multiple Defendants for different alleged acts or omissions and different levels of wrongdoing;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against separate alleged tortfeasors; and

   c. The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same

proceedings during which liability and compensatory damages are determined.

54. There is no clear or sufficient standard as to what constitutes grounds for awarding punitive damages, there is no clear or sufficient standard for determining the amount of punitive damages, there is no correlation between the amount of punitive damages permitted and the seriousness or extent of the alleged act or omission, and there is no correlation between the amount of punitive damages permitted and the amount of actual damages, if any, suffered by the Plaintiff.

55. The Defendant avers that the Plaintiff's claims for punitive damages violate Defendants' rights and protections afforded by the Commerce Clause and the United States Constitution.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/ Phillip E. Adams, Jr.
PHILLIP E. ADAMS, JR. (ASB-9946-D56P)

/s/ Matthew W. White
MATTHEW W. WHITE (ASB-6809-W83M)
Attorneys for Southern Aircraft Sales and Sid Hall
Post Office Box 2069
Opelika, AL 36803-2069
334-745-6466

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing documents has been served upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

      Done this the 12th day of July, 2007.


                                        _/s/ MATTHEW W. WHITE__
                                      OF COUNSEL