**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **LOSAL Unlimited, LLC,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:  3:05-CV-01144-WKW** |
| ) | |
| **SOUTHERN AIRCRAFT SALES, INC.;** ) | |
| **SIXTEEN JULIETTE, INC. d/b/a** ) | |
| **DAWSON AVIATION; and SID HALL,** ) | |
| ) | |
|     **Defendants.** ) | |

## MOTION FOR EXTENSION OF TIME

       Plaintiff, LOSAL Unlimited, LLC ("LOSAL"), moves this Court for a thirty-day extension of time in which to respond to the motions for summary judgment filed by the Defendants, Southern Aircraft Sales, Inc. and Sid Hall.  LOSAL further moves the Court for leave to designate an additional expert witness within that same thirty-day period.  As grounds in support of this motion, LOSAL states as follows:

       1.     This Court's scheduling order originally established a deadline of January 7, 2008 for the Plaintiff to identify expert witnesses and a deadline of February 4, 2008 for the Defendants to designate their experts.

       2.     On January 7, 2008, LOSAL designated as their expert witness Mr. Paul Polhemus of the Aviation Department of Auburn University.  Mr. Polhemus had inspected the aircraft in question and prepared a letter identifying the problems which he observed.  (Exhibit 1).  Prior to making this designation, counsel for LOSAL, Perry Webb, met with Mr. Polhemus to discuss this letter.  As the attached Affidavit of Perry Webb (Exhibit 2).  Pursuant to Rule

56(f) of the Federal Rules of Civil Procedure indicates, he told Mr. Polhemus during this meeting that in all likelihood he would be needed as a witness in the case. Mr. Polhemus did not object to being called as a witness, and indicated that he understood that his testimony would probably be required. Mr. Polhemus advised Mr. Webb during this meeting of his considerable experience and training as an Airframe & Power Plant technician and his certification to perform Inspection Authorizations. These qualifications would be more than sufficient to qualify Mr. Polhemus as an expert witness with respect to the conditions of the airplane he observed in the aforesaid letter. Mr. Polhemus told Mr. Webb that he was willing to stand by the findings that he had made in his report. When asked specifically about the airframe corrosion he had noted during his inspection, he stated that this corrosion would have been present at the time LOSAL purchased the aircraft, and should have been detected by a competently-performed inspection.

In view of this conversation, LOSAL disclosed Mr. Polhemus as a potential trial expert witness.

3.     The Defendants sought and obtained an extension of the deadline to disclose their expert witness to March 5, 2008. This motion was not opposed by Plaintiff.

4.     On February 28, 2008, the Defendants filed a motion to extend the summary judgment deadline. In response to this motion, this Court entered an order extending the summary judgment filing deadline to May 30, 2008 and the deadline for the parties' expert disclosures to April 28, 2008. The trial was continued to December 15, 2008 and the pre-trial conference to November 7, 2008. The Court also observed in this order that "no further extensions will be permitted." The Defendants' motion for extension was not opposed by Plaintiff.

2

5.      On April 28, 2008, the Defendants designated Franklin Williams as their expert witness. (Exhibit 3).  Mr. Williams examined the aircraft on April 24, 2008, and offered the following opinion with respect to the degree of airframe corrosion on the aircraft:

> I looked at several locations for what was reported to be various stages of corrosion and while there is some surface oxidation on some pieces of the skin and spars/center section, I did not see anything that would not be expected on an airplane of this age and all that I observed can be removed or neutralized with normal scheduled maintenance.  There does seem to be excessive slop in the elevator bearings and the surface corrosion is worse in the aft sections of the aircraft.  I found no major problem that would require extensive repairs or replacements.  I estimate that this aircraft could be inspected, repaired and returned to service with a minimum of expense, the major operations being the re-installation of the engine and propeller.

6.      On May 29, 2008, Plaintiff's counsel was notified that counsel for the Defendants had been seen at Auburn University Aviation speaking with Mr. Polhemus.  Plaintiff's counsel telephoned Mr. Polhemus, and he told them that he had not agreed to be an expert witness in the case and that he could not state that the corrosion which he noted on the airframe, and which is a central issue in this case, existed at the time the aircraft was purchased by LOSAL.  Both of these statements were contrary to statements Mr. Polhemus had made both to the Plaintiff individually, and to Plaintiff's counsel while in the presence of Plaintiff's principals.

7.      On May 30, 3008 Defendants, Southern Aircraft Sales and Sid Hall, filed a motion for summary judgment supported in part by an affidavit from Paul Polhemus.  In that affidavit Mr. Polhemus stated in pertinent part as follows:

> 3.      I have not been retained as an expert by the Plaintiff in this matter.  To the best of my recollection, I have never been told by anyone that I had been disclosed as an expert witness in this matter, until being shown the expert witness disclosure by Mr. White, counsel for Southern Aircraft Sales and Sid Hall.

4.      I performed an inspection of the aircraft at issue on August 8, 2005.  A copy of my inspection report is attached to the Plaintiff's Expert Witness Disclosure.

5.      At the time I inspected the aircraft, it had a cracked engine case and various different problems with the airframe which are outlined in my report of August 8, 2005.  The aircraft was not airworthy as of that date, ie., August 8, 2005.

6.      With regard to the engine's cracked case, I have no opinion as to whether any problems with the engine would have existed in or about August 2002 which may have lead to the cracked case or which would have rendered the aircraft not airworthy.

7.      With regard to the various problems with the airframe noted in my report, I have no opinion as to whether the problems I noted would have existed in or about August 2002 to such an extent as to render the aircraft not airworthy at that time.

8.      The Plaintiff has been unfairly surprised by Mr. Polhemus' unwillingness to testify in accordance with his earlier discussions with the Plaintiff and the Plaintiff's counsel.

9.      In an effort to address this problem, the Plaintiff's counsel wrote Mr. Polhemus the attached letter, together with a proposed affidavit for him to sign.  (Exhibit 4).  He has declined to sign the affidavit, and it has now become necessary to notice Mr. Polhemus' deposition.  Mr. Polhemus will be served with a subpoena commanding him to appear and testify at deposition, and that deposition is being coordinated with counsel for defendants.  However, that deposition cannot be accomplished before the deadline for Plaintiff's opposition to the Defendants' motion for summary judgment, which is Friday, June 20, 2008.  Moreover, it appears that Plaintiff may now have to retain another expert.

10.      While recognizing that the Court has previously ordered that no further extensions would be granted, the Plaintiff respectfully requests a thirty-day extension of time in which to

4

supplement its opposition to the Defendants' summary judgment motion, and to designate an additional expert. It will not be necessary to alter in any respect this Court's order of February 28, 2008 with the exception of the April 28, 2008 deadline for parties' expert disclosures. Affording LOSAL additional time to obtain another expert and to depose Mr. Polhemus and thereafter to file an additional opposition to the Defendants' summary judgment motion, will not affect the November 7, 2008 pre-trial conference set for this case or the December 15, 2008 trial date.

Respectfully submitted,

**s/W. Dudley Motlow, Jr.**
William D. Motlow, Jr.
ASB-1563-L59W; MOT001
Attorney for Plaintiff, LOSAL Unlimited, LLC
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242-4821
Telephone:  205-980-5000
Facsimile:  205-980-5001
E-mail:  wdm@phm-law.com

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LOSAL Unlimited, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  3:05-CV-01144-WKW** |
| | ) | |
| **SOUTHERN AIRCRAFT SALES, INC.;** | ) | |
| **SIXTEEN JULIETTE, INC. d/b/a** | ) | |
| **DAWSON AVIATION; and SID HALL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

        I hereby certify that on this the **20th** day of **June, 2008**, the foregoing was served upon the parties by placing a copy of same in the U.S. Mail, first-class postage pre-paid, to:

Matthew W. White, Esq.
Adams, Umbach, Davidson & White, LLP
Walker Building
205 South 9TH Street
Opelika, AL 36803

                                        **s/W. Dudley Motlow, Jr.**
                                        William D. Motlow, Jr.
                                        Attorney for Plaintiff, LOSAL Unlimited, LLC

6