IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSAL UNLIMITED, LLC ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.:3:05-cv-01144-WKW-SRW |
| ) | |
| SOUTHERN AIRCRAFT SALES, et al.,) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION
FOR EXTENSION OF TIME**

COME NOW the Defendants, Southern Aircraft Sales and Sid Hall, by and through counsel, and hereby object to Plaintiff's "Motion for Extension of Time" (Doc. 49) filed June 20, 2008. Defendants' Objections are as follows:

1. It should be pointed out at the outset that Plaintiff has chosen not to engage in discovery of any kind other than written discovery. Plaintiff's have not taken any of Defendants' depositions, nor have they taken the deposition of Defendants' expert, Franklin Williams.

2. In this Court's Order of February 28, 2008 continuing the trial of this case the Court ordered that "[n]o further extensions will be permitted." (Doc. 44, para. 4).

3. Plaintiff now seeks an extension of time to depose their own expert, Paul Polhemus of the Aviation Department of Auburn University, and to designate another expert. As grounds for its motion, Plaintiff states that it was "unfairly surprised" by Mr. Polhemus' unwillingness to testify in accordance with earlier discussions with Plaintiff and Plaintiff's counsel. (Doc. 49, para. 8)

4. In support of its motion for extension, Plaintiff attaches as Exhibit 1, Mr. Polhemus' letter report dated August 8, 2005. As pointed out in Defendants'

Motion for Summary Judgment, Mr. Polhemus' report does not support the Plaintiff's allegations in this case nor the Affidavits of Mr. Salatto, Mr. Lovvorn and Mr. Webb regarding statements allegedly made to them by Mr. Polhemus. Mr. Polhemus' letter report does not state that the aircraft was not airworthy at any point in time, does not address whether the conditions listed in his report would have existed at the time of the purchase of the aircraft, i.e. August 2002, and does not address at all the alleged cracked engine case, the cause of the cracked engine case and whether such a condition would have existed in August 2002.

5. Rule 26(a)(2)(B), *F.R.C.P.* requires that expert disclosures, "with respect to a witness who is retained or especially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." *Id.* While Mr. Polhemus' report, signed by him, was attached to Plaintiff's expert disclosure, it certainly did not contain a "complete statement of all opinions" to be expressed by Mr. Polhemus -at least not according to Plaintiff. While Plaintiff may certainly take the position that Mr. Polhemus was not "retained or specially employed to provide expert testimony," and thus his report did not need to comply with Rule 26(a)(2)(B), *F.R.C.P.*, it would certainly have been prudent for Plaintiff to obtain an affidavit or other sworn testimony from Mr. Polhemus, especially in light of the fact that Plaintiff was apparently relying on Mr. Polhemus to give an opinion as to the condition of an aircraft some 3 years prior to his inspection of the same.

6. Defendants filed their Motion for Summary Judgment on May 30, 2008.

        Plaintiff's response was due on June 20, 2008.  Plaintiff had three weeks after the Defendants' filing of its Motion for Summary Judgment to notice and take Mr. Polhemus' deposition if it so chose.  It did not do so.

7. Plaintiff does not simply seek an extension of time to depose Mr. Polhemus, it also requests leave to disclose an additional expert.  As correctly pointed out by Plaintiff in its motion, its expert disclosure deadline was January 7, 2008.  After Plaintiff disclosed Mr. Polhemus as its expert, Defendants retained an expert to rebut the report of Mr. Polhemus.  Defendants' expert conducted an inspection of Plaintiff's aircraft and prepared a detailed report as described and incompletely quoted in Plaintiff's Motion for Extension of Time. (Doc. 49, para. 5). Counsel for Plaintiff did not elect to take Defendants' expert's deposition.  Perhaps if they had chosen to take Defendants' expert's deposition, or even Defendant Sid Hall's deposition for that matter, they would have learned that the alleged opinions proffered by Plaintiff, yet not supported by Mr. Polhemus' report, are not supportable by any qualified aviation expert nor are they supportable under FAA law.

8. Should Plaintiff be allowed to disclose an additional expert, the expert disclosure process will essentially need to start over.  The Defendants would need adequate time to take Plaintiff's new expert's deposition.  Defendants would then need additional time to disclose rebuttal expert opinions, including possibly new experts of their own.  Those expert's depositions would then need to be taken.  A second inspection of the aircraft would likely be required.  This process would most certainly delay the trial and ultimate outcome of this case and would greatly add to the expense of litigating this case.  It would also unfairly prejudice the Defendants who have structured their litigation strategy based in large part upon the opinions, or lack thereof, of Plaintiff's expert Mr. Polhemus.

9. There is no reasonable basis to grant the Plaintiff an extension of time given its failure to engage in discovery, the inadequate nature of its own expert's disclosures and the certainty that such an extension of time will only delay the ultimate outcome of this case and greatly increase the costs of litigation.

10. Plaintiff correctly points out that Defendants previously sought and obtained an extension of the deadline to disclose their expert witness. Defendants also sought and obtained an extension of the summary judgment deadline. The basis for both of these extensions was not delay on behalf of Defendants, but was rather the result of Plaintiff's failure to promptly respond to discovery requests and Plaintiffs failure to provide dates to take Plaintiff's members' depositions. (See Exhibits A, B, C, D, E, F, G.) In the situation at hand, Plaintiff has simply mischaracterized their own expert's opinions and now seek relief from the Court to not be bound by their own expert and to in fact hire a new expert. Such a request is due to be denied for the above stated reasons.

WHEREFORE, Defendants move this Honorable Court to deny Plaintiff's "Motion for Extension of Time."

RESPECTFULLY SUBMITTED this the 24th day of June, 2008.

        /s/ Matthew W. White
        MATTHEW W. WHITE
        Attorney for Defendants

OF COUNSEL:

ADAMS, UMBACH,
  DAVIDSON & WHITE, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served an exact copy of the foregoing document upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

Done this the 24th day of June, 2008.

/s/ Matthew W. White
OF COUNSEL