# EXHIBIT 1

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __W. Dudley Motlow, Jr., Esq.__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Sixteen Juliette, Inc. d/b/a Dawson Aviation__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __LOSALunlimited, LLC v. Southern Aircraft Sales, et al.__,
(CAPTION OF ACTION)

which is case number __3:05-cv-01144-SRW__ in the United States District Court
(DOCKET NUMBER)

for the __MIDDLE__ District of __ALABAMA__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __12/6/05__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                         (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
    (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Sixteen Juliette, Inc. d/b/a Dawson Aviation

as (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) MIDDLE District of ALABAMA and has been assigned docket number (E) 3:05-cv-01144-SRW.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this 6th day of December, 2005.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

**3:05-cv-01144-SRW** LOSALunlimited, LLC v. Southern Aircraft Sales et al
Susan Russ Walker, presiding
Date filed: 12/02/2005 Date of last filing: 12/02/2005

# History

**There are no events docketed for this case.**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/05/2005 09:03:35 | | | |
| PACER Login: | ph0076 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 3:05-cv-01144-SRW |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 DEC -2 P 1: 45
MIDDLE DISTRICT AL

| | | |
|---|---|---|
| LOSALunlimited, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| SOUTHERN AIRCRAFT SALES, | ) | |
| SIXTEEN JULIETTE, INC. d/b/a DAWSON | ) | |
| AVIATION, and SID HALL, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, LOSALunlimited, LLC ("LOSAL"), by and through counsel, and hereby sets forth its Complaint against Defendants Southern Aircraft Sales ("Southern"), Sixteen Juliette, Inc. d/b/a Dawson Aviation ("16J") and Sid Hall ("Hall") (collectively, "Defendants") as follows:

### GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS

1.  Plaintiff and Defendants are citizens of different states. Plaintiff has its principal place of business in the State of Alabama. Defendants Southern and 16J have their principal places of business in the State of Georgia, and Defendant Hall is an individual resident citizen of the State of Georgia.

2.  The amount in controversy in this lawsuit exceeds $75,000 plus costs.

3.  Defendants advertised for sale on the Internet the Beech C-23 Sundowner Aircraft (N9185S) made the basis of this lawsuit ("the aircraft").

4.  Plaintiff saw this advertisement and made contact with Defendants by telephone.

During these telephone conversations, Defendants represented to Plaintiff that the aircraft was airworthy, had just received a complete engine overhaul, and had been subjected to and passed a recent annual inspection.

5. In reliance upon the aforesaid representations made by the Defendants, Plaintiff purchased the aircraft, which Defendants delivered to Plaintiff at Auburn, Alabama and at which location Plaintiff paid the Defendants $58,000.

6. After taking possession of the aircraft, Plaintiff learned that the engine case was cracked and unrepairable, and that various essential internal engine parts were rusted, worn, and otherwise deteriorated. Plaintiff further learned that the tail section of the aircraft had been replaced following a crash and that numerous components of the airframe were badly corroded. Plaintiff further learned that the aircraft was not airworthy as a consequence of the aforesaid conditions.

## FRAUD AND SUPPRESSION

7. Defendants innocently, negligently, or intentionally misrepresented to Plaintiff that the aircraft was airworthy, had a recent complete engine overhaul, had successfully passed a recent annual inspection, and was otherwise in excellent condition.

8. Defendants were aware that the aircraft was not airworthy, had previously-repaired crash damage, had extensive airframe corrosion, had not been subjected to an appropriate annual inspection, and had not had a newly overhauled engine installed. Defendants suppressed this information from Plaintiff. Defendants owed Plaintiff a legal duty to disclose this information, this information was material to Plaintiff, and Plaintiff acted to its detriment as a result of this suppression by purchasing the aircraft. Plaintiff was proximately damaged by the aforesaid suppressions of material fact because the aircraft purchased was worth substantially less than the purchase price paid

by Plaintiff to Defendant and because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid suppressions of material fact. Furthermore, the lives of Plaintiff's principals and their families were placed at risk as a result of the aforesaid suppressions of material fact when they operated and/or occupied as passengers the aforesaid aircraft not knowing that the aircraft was not airworthy and was unsafe.

9. The aforesaid misrepresentations made by the Defendants concerned material facts and were relied upon by Plaintiff. Plaintiff incurred damage as a proximate result of its reliance upon the aforesaid misrepresentations because the aircraft was worth substantially less than the purchase price paid by Plaintiff to Defendants because Plaintiff incurred repair and inspection expenses as the proximate result of the aforesaid misrepresentations, and because the lives of Plaintiff's principals and their families were placed at risk when they operated and/or traveled as passengers in the aforesaid aircraft not knowing of the fact that the aircraft was not airworthy and was unsafe.

### **BREACH OF CONTRACT**

10. Defendants entered into a contract with Plaintiff pursuant to which the Defendants agreed to sell the aforesaid aircraft to Plaintiff and further specifically agreed with Plaintiff that the aforesaid aircraft was airworthy, had recently received a complete engine overhaul, had been subjected to and passed a recent annual inspection, and was otherwise in excellent condition.

11. Defendants breached the aforesaid contract by selling to Plaintiff an aircraft which did not conform to the description provided by Defendants.

12. Plaintiff was proximately damaged as a result of Defendants' breach of this contract.

### **BREACH OF EXPRESS AND IMPLIED WARRANTIES**

13. Defendants expressly warranted that the aircraft was airworthy, had recently received

a complete engine overhaul, had been subjected to and passed a recent annual inspection, and was otherwise in excellent condition.

14. Defendants breached the aforesaid express warranties, proximately resulting in damage to Plaintiff.

15. Warranties of merchantability and fitness for a particular purpose were implied terms of the purchase agreement between Defendants and Plaintiffs.

16. The aircraft did not conform to the aforesaid implied warranties, proximately resulting in damage to Plaintiff.

## NEGLIGENCE OR WANTONNESS

17. Defendants negligently or wantonly sold the aircraft to Plaintiff in an unsafe and unreasonably dangerous condition. Defendants undertook a duty to perform an inspection on the aforesaid aircraft and negligently or wantonly failed to conduct a proper inspection and to advise Plaintiff of the result of that inspection. Defendants negligently or wantonly failed to confirm the accuracy of the information relayed to Plaintiff about the condition of the aircraft prior to sale.

18. As a proximate result of the aforesaid negligence or wantonness of Defendants, Plaintiff was damaged by purchasing an aircraft worth substantially less than the purchase price, by incurring repair and inspection expenses which otherwise would not have been necessary, and by risking the lives of Plaintiff's prinicipals and the lives of their families by operating and/or traveling as passengers in the aforesaid aircraft when that aircraft was not in a safe and airworthy condition.

## DEMAND FOR DAMAGES

19. Plaintiff demands such compensatory and punitive damages of the Defendants as the jury may assess.

## JURY DEMAND

20. Plaintiff demands trial by struck jury.

Respectfully submitted,

/s/ William Dudley Motlow, Jr.
William Dudley Motlow, Jr.
Bar Number: ASB-1563-L59W
Attorney for LOSALunlimited, LLC

OF COUNSEL:
**PORTERFIELD, HARPER, MILLS, & MOTLOW, P.A.**
22 Inverness Center Parkway, Suite 600
P. O. Box 530790
Birmingham, Alabama  35253-0790
(205) 980-5000
(205) 980-5001 - Fax
Email: phm@phm-law.com

## JURY TRIAL REQUESTED

**SERVE DEFENDANTS BY MAIL AT:**

Southern Aircraft Sales
P. O. Box 3008
Albany, GA  31706

Mr. Sid Hall
P. O. Box 3008
Albany, GA  31706

Sixteen Juliette, Inc. d/b/a Dawson Aviation
2678 Albany Hwy.
Dawson Airport
Dawson, Georgia  31742

5