IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSAL Unlimited, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHERN AIRCRAFT SALES, )<br>SIXTEEN JULIETTE, INC. d/b/a DAWSON)<br>AVIATION, and SID HALL, )<br>)<br>    Defendants. ) | CASE NO.: 3:05-cv-01144-WKW |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE AFFIDAVITS**

Plaintiff LOSAL Unlimited, LLC, responds as follows to those Motions filed by Defendants Southern Aircraft Sales and Sid Hall (hereafter, "Defendants") entitled "Motion to Strike Hearsay Evidence Contained in the 'Affidavit of W. Perry Webb'", "Motion to Strike Hearsay Evidence Contained in the 'Affidavit of Patrick J. Salatto, III'", and "Motion to Strike Hearsay Evidence Contained in the 'Affidavit of Joseph F. Lovvorn'".

**Webb Affidavit:** Defendants' Motion to Strike certain portions of the Webb Affidavit as inadmissible hearsay or "double hearsay" reflects an apparent failure to understand the evidentiary concept of "hearsay" and should be denied. The portions of the Affidavit made the subject of Defendants' Motion to Strike are conversations between Webb and one of LOSAL's principals, Patrick J. Salatto, III and between Webb and Paul Polhemus of Auburn Aviation. Those statements are not hearsay because they are not offered for the truth of the matter asserted in those statements. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted." Webb's Affidavit was tendered to this Court in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, which provides as follows:

> If a party opposing the Motion [for Summary Judgment] shows by Affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
> (1) Deny the motion;
> (2) Order a continuance to enable Affidavits to be obtained, **depositions to be taken**, or other discovery to be undertaken; or
> (3) Issue any other just order. [Emphasis supplied].

The purpose of Webb's Affidavit was not to proffer testimony in the manner of a witness in this lawsuit but rather, to satisfy the requirements of Rule 56(f) by explaining to the Court why a continuance was necessary in order to accomplish the deposition of Paul Polhemus. The statements contained in that Affidavit were not offered to prove the truth of the matter asserted in those statements and therefore, Defendants are wrong when they contend that the portions of the Affidavit they have attacked are inadmissible "hearsay" and "double hearsay". In any event, LOSAL's request for an extension was denied, so the Webb affidavit has no further pertinence to these proceedings.

**Salatto and Lovvorn Affidavits**: Defendants' hearsay objection to the statements contained in the Salatto and Lovvorn affidavits with respect to the observations voiced to them by Paul Polhemus is meritless. Those statements, which reflect Polhemus' explanations about the length of time in which corrosion existed in the aircraft and his opinion that such corrosion should have been detected by an adequate pre-buy and/or annual inspection are admissible as present sense impressions and as impeachment.

Rule 803 (1) of the Federal Rules of Civil Procedure states as follows:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> **(1) Present Sense Impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.

The statements made by Polhemus to Salatto and Lovvorn relate to what he observed while inspecting the aircraft in preparation to reinstall the engine after it had been overhauled. These statements are consistent with the contents of his August 8, 2005 letter, to which Polhemus referred in the affidavit tendered by Defendants in support of their motion for summary judgment. However, those statements are at least potentially inconsistent with the statements made by Polhemus in the affidavit itself. In any event, Polhemus's statements as related in the Salatto and Lovvorn affidavits were made by Polhemus to describe his perceptions of the conditions he observed while conducting his inspection and were made immediately after or during the course of that inspection. The Deposition of Joseph Floy Lovvorn[1] establishes that the first conversation LOSAL had with Polhemus concerning the corrosion he had found was while Auburn University Aviation was in the process of reinstalling the overhauled engine. Accordingly, Polhemus's statements would describe and explain his perceptions and would have been made substantially contemporaneous with those perceptions. In <u>Montgomery v. United States</u>, 2008 WL 2559398 (M.D. Ala., June 23, 2008), this Court admitted an Alabama State Trooper's testimony that he was approached at the scene of an automobile accident by an eyewitness to that accident who told him that she had been "running with" the defendant at the time of the accident and that they had been traveling 83 miles per hour. This eyewitness left the scene after making the statement and could not be identified or located. This Court held, <u>inter alia</u>, that the statement by the eyewitness was a present sense impression not subject

---

[1] Page 84, lines 11-23; page 85, lines 1-8 (attached as Exhibit 1)

to exclusion as hearsay "because the eyewitness observed the event, her statement described the event, and her statement was substantially contemporaneous with the event." Id. at *6, note 13. Accordingly, this Court held, the State Trooper could testify in court to what the eyewitness had told him at the scene. The statements made by Polhemus to Salatto and Lovvorn are qualitatively the same as that made to the State Trooper by the eyewitness in Montgomery. Furthermore, because Polhemus repeated his statements to Lovvorn and Salatto on more than one occasion and because he will be subpoenaed to testify at trial, the statements in the Salatto and Lovvorn affidavits about what they had been told by Polhemus have even greater indicia of reliablity than that of the state trooper which was admitted in Montgomery. They should, therefore, be considered in opposition to Defendants' motions for summary judgment.

Further, should Polhemus testify at trial consistent with his affidavit, Salatto and Lovvorn could testify to the statements he made which are reflected in their affidavits in order to impeach Polhemus's credibility, and thereby support the conclusion that the aircraft was corroded when it was purchased by LOSAL from Defendants. By procuring and tendering an affidavit from Polhemus, who prepared a report in which he characterizes some of the corroded areas he observed as "severe", Defendants have now advanced a position which directly contradicts the report prepared by their own retained witness. That retained witness dismissed the corrosion he observed as minor, even though his inspection took place almost three years after Polhemus' inspection was performed.

For these reasons, Defendants' Motion to Strike certain identified portions of the Affidavits of Webb, Salatto, and Lovvorn are without legal support and should be denied.

Respectfully submitted,

**s/W. Dudley Motlow, Jr.**
William Dudley Motlow, Jr., Esquire
Bar Number:  ASB-1563-L59W

**s/Wm.  Perry Webb**
William Perry Webb, Esquire
Bar Number:  ASB-5552-B58W

Attorneys for LOSALunlimited, LLC
PORTERFIELD, HARPER, MILLS
    & MOTLOW, P.A.
P.O. Box 530790
Birmingham, Alabama  35253-0790
Telephone:     (205)980-5000
Fax:              (205) 980-5001
E-mail:         phm@phm-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **LOSAL Unlimited, LLC,** )   )   **Plaintiff,** )   )   v. )   )   **SOUTHERN AIRCRAFT SALES,** )   **SIXTEEN JULIETTE, INC. d/b/a DAWSON**)   **AVIATION, and SID HALL,** )   )   **Defendants.** ) | **CASE NO.: 3:05-cv-01144-WKW** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Philip E. Adams, Jr.
Matthew W. White
Adams, Umbach, Davidson, & White, LLP
Walker Building
205 South Ninth Street
Opelika, Alabama 36803

        Respectfully submitted,

        **s/W. Dudley Motlow, Jr.**
        William Dudley Motlow, Jr., Esquire
        Bar Number: ASB-1563-L59W

        **s/Wm. Perry Webb**
        William Perry Webb, Esquire
        Bar Number: ASB-5552-B58W

        Attorneys for LOSALunlimited, LLC
        PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
        P.O. Box 530790
        Birmingham, Alabama 35253-0790
        Telephone:   (205)980-5000
        Fax:   (205) 980-5001
        E-mail:   phm@phm-law.com