IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOSAL UNLIMITED, LLC ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.:3:05-cv-01144-WKW-SRW |
| ) | |
| SOUTHERN AIRCRAFT SALES, et al.,) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT SID HALL AND SOUTHERN AIRCRAFT SALES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO STRIKE AFFIDAVITS**

COME NOW the Defendants, Southern Aircraft Sales, Inc. and Sid Hall and in reply to Plaintiff's response to Defendants' Motion for Summary Judgment, and also in reply to Plaintiff's response to Defendants' motions to strike portions of the affidavits of Perry Webb, Patrick J. Salatto, III and Joseph F. Lovvorn, state and say as follows:

I.   The Hearsay Evidence Proffered in the Affidavits of Patrick J. Salatto, III and Joseph F. Lovvorn is Due to Be Stricken.[1]

Plaintiff argues that the at-issue portions of the affidavits of Salatto and Lovvorn fall under the "present sense impression" exception to the hearsay rule. The present sense impression exception allows admissibility of "a statement describing or explaining an event or condition *made while the declarant was perceiving the event or condition or immediately thereafter.*" Rule 803(1), *Federal Rules of Evidence* (emphasis added).

In *Miller v. Crown Amusements, Inc.*, 821 F.Supp. 703 (S.D. Ga. 1993) the Court stated that three requirements must be satisfied before the present sense impression exception may be applied: (1) the statement must describe or explain the event at issue; (2) the declarant must have seen the event; and, (3) the statement must be substantially

---

[1] The hearsay evidence proffered in the Webb affidavit is not addressed herein because Plaintiff has stated that because LOSAL's request for extension has been denied, "the Webb affidavit has no further pertinence to these proceedings." Doc. 60, p. 2.

contemporaneous with the event. *Id.* at 705.

The crucial provision of this exception is immediacy. *US v. Lentz*, 282 Fed.2d 399 (E.D. Va. 2002). Under this exception, the declarant should be describing an event that is ongoing and startling or just occurred. *Id.* at 410. Little or no time must exist between the occurrence and the statement. *Id.*

Plaintiff cites this Court's recent case of *Montgomery v. United States*, 2008 WL 2559398 (M.D.Ala. 2008) in support of its effort to fall within the present sense impression exception. In *Montgomery,* this Court admitted the statements of an unavailable witness who made statements to the investigating State Trooper at the scene of an automobile accident relating to the defendant driver's speed immediately prior to the accident. In its opinion, this Court noted that "[t]he eye witness was visibly shaking when she voluntarily approached Trooper Fisher as he arrived at the scene. She explained that she knew the speed because she was also driving 83 miles per hour and that she and [defendant driver] were 'running together.'" *Id.* at 6. As this Court noted, it was clear that the witness's statements described or explained the event, that the declarant saw the event, and that the statements were made substantially contemporaneous with the event.

In the case *sub justice*, while it could be argued that the proffered statements by Polhemus were "statements describing or explaining an event or condition," Plaintiff seems to ignore the second half of the requirement of the rule that the statement be "made while the declarant was perceiving the event or condition or immediately thereafter." Plaintiff cites the deposition testimony of Joseph Lovvorn as establishing "that the first conversation LOSAL had with Polhemus concerning the corrosion he had found was while Auburn University Aviation was in the process of reinstalling the overhauled engine. Accordingly, Polhemus' statement would describe and explain his perceptions and would have been made substantially contemporaneous with those perceptions." *Document 60, pg. 3.* To the contrary, when one reviews the proffered deposition testimony of Lovvorn, there is no testimony as to who Lovvorn was dealing with at Auburn University Aviation, no

testimony regarding any statements allegedly made by Polhemus, and no testimony as to when the statements allegedly made by Polhemus were made in relation to Polhemus' inspection of the aircraft. *See Doc. 60-2.* Furthermore, there is no testimony in either of the affidavits of Salatto or Lovvorn establishing when the alleged statements by Polhemus were made, or specifically, when in relation to Mr. Polmehus' inspection of the aircraft the alleged statements were made. *Doc. 50-2; 50-3.* Thus, the most crucial element needed to satisfy the present sense impression exception – proximity in time – is missing.

The best evidence of Mr. Polhemus' opinions in this matter are put forth in the letter report pinned by Polhemus on August 8, 2005 (*Doc. 46-6*) and the Affidavit of Paul Polhemus signed by him on May 30, 2008 and tendered by these Defendants in support of their Motion for Summary Judgment (*Doc. 46-7*). In the letter report dated August 8, 2005, Polhemus makes no mention of any opinion he allegedly had regarding when the deficiencies noted in his report originated or when the deficiencies had progressed to a point where they should have been noted by a competent FAA designated inspector. Further, in his Affidavit, he states that, "[w]ith regard to the engine's cracked case, I have no opinion as to whether any problems with the engine would have existed in or about August 2002 which may have led to the cracked case or which would have rendered the aircraft not airworthy." *Doc. 46-7, para. 6.* He further states that, "[w]ith regard to the various problems with the airframe noted in my report, I have no opinion as to whether the problems that I noted would have existed in or about August 2002 to such an extent as to render the aircraft not airworthy at that time." *Doc. 46-7, para. 7.* Perhaps most telling is Mr. Polhemus' refusal to sign an affidavit penned by Plaintiff's counsel stating that the deficiencies noted in his report would have existed in July and August 2002. *See Plaintiff's Motion for Extension of Time. Doc. 49, para.9.*

II.     Plaintiff Has Failed to Adduce Substantial Evidence Sufficient to Survive

Defendants' Motion for Summary Judgment.

Plaintiff's case is built entirely around the accusation that, at the time of Defendants' sale of the aircraft to Plaintiff, i.e., approximately August 2002, the aircraft was not airworthy, had not recently received a complete engine overhaul, and had not been subjected to and passed a recent annual inspection. *See Plaintiff's Third Amended Complaint. Doc. 26.* All of Plaintiff's allegations, whether for fraud and suppression, breach of contract, breach of express and implied warranties, or negligence and wantonness rely in whole upon this central accusation. However, Plaintiff has failed to adduce any substantial evidence to support this accusation, and it remains just that, an accusation.

As stated and cited in Plaintiff's Motion for Summary Judgment (*Doc. 46*) the aircraft's engine and airframe logs clearly document that the aircraft was airworthy, had recently received a complete engine overhaul, and had been subjected to and passed a recent annual inspection. Plaintiff now attempts to rely upon inadmissible hearsay statements, allegedly made by its own expert, in an effort to survive summary judgment. This, in spite of the fact that their own expert's report, dated August 8, 2005, does not speak to the issue of whether the conditions noted in said report existed in or about August 2002, and where Mr. Polhemus signed an Affidavit for Defendants stating that he has "no opinion" as to whether the conditions listed in his report existed in or about August 2002, and finally where Mr. Polhemus has refused to sign an Affidavit provided to him by Plaintiff which would have stated that, in his opinion, the conditions listed in his report of August 8, 2005 would have existed in or about July or August 2002. *See Plaintiff's Motion for Extension of Time. Doc. 49, para 9.*

As stated in *Young v. Serra Volkswagen, Inc.*, 579 So. 2d 1337 (Ala. 1991), "the record reveals an obvious failure of proof by [Plaintiff]." In the case at hand, LOSAL has produced no evidence that the aircraft suffered from the deficiencies complained of in its Complaint and it has produced no expert testimony by way of affidavit or deposition sufficient to establish that the aircraft had the complained of deficiencies at the time the

aircraft was sold to Plaintiff in or about August 2002. Its allegations that the aircraft had the deficiencies alleged in its Complaint in or about August 2002 are just that, allegations, and allegations which are not supported by the record. Without proof that the complained of deficiencies actually existed, Plaintiff's entire case must fail.

LOSAL's burden was to present substantial evidence in order to defeat Defendant's prima facia showing in support of its motion for summary judgment. Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment. *Id. at 1340.*

### CONCLUSION

Based upon the foregoing, and also based upon the evidence and argument set forth in Defendants' Motion for Summary Judgment, it is clear there exists no genuine issue of material fact and that Defendants Southern Aircraft Sales, Inc. and Sid Hall are entitled to the entry of summary judgment in their favor.

RESPECTFULLY SUBMITTED this the 7th day of July, 2008.

        /s/ Matthew W. White
MATTHEW W. WHITE
Attorney for Defendants

OF COUNSEL:

ADAMS, UMBACH,
  DAVIDSON & WHITE, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served an exact copy of the foregoing document upon:

William Dudley Motlow, Jr., Esq.
PORTERFIELD, HARPER
MILLS & MOTLOW, P.A.
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790

Done this the 7th day of July, 2008.

                                                        /s/ Matthew W. White
                                                      OF COUNSEL